372 So.2d 231 (1979)
SAVE OUR WETLANDS, INC.
v.
WERNER BROS., INC.
No. 10090.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Rehearing Denied July 12, 1979.
Philip R. Johnson, Metairie, for plaintiffs-appellants.
Greenberg & Dallam, Nathan Greenberg, Gretna, for defendant-appellee.
*232 Before REDMANN, BEER and GARRISON, JJ.
BEER, Judge.
Appellant, Save Our Wetlands, Inc. (hereafter, "SOWL"), filed suit for injunctive and declarative relief against Werner Brothers, Inc., alleging their breach of the state constitution by reason of their construction of a lakefront restaurant which has, as its foundation, pilings driven into the water bottom of Lake Pontchartrain.
SOWL's contentions are based on Article IX, Section 3 of the Louisiana Constitution of 1974 which prohibits alienation of the water bottom of Lake Pontchartrain except for purposes of reclamation by the riparian owner or reclamation for public use. The trial court dismissed plaintiff's suit, and it appeals.
The Department of the Army (Corps of Engineers) issued a permit on September 2, 1975, authorizing Werner Brothers, Inc. to construct and maintain a building (and connecting walkway) structured on pilings driven in Lake Pontchartrain. The location of the proposed three-story complex was between Fitzgerald's Restaurant and Pier Orleans, about 600 feet north of the Metairie Relief Outfall Canal in the section known as West End and located on the Jefferson Parish side, just past the parish line between Jefferson and Orleans.
At the trial court hearing on the preliminary injunction, George Werner, in response to a subpoena duces tecum, produced their application to the Corps of Engineers, as well as the permit issued subsequent to a public hearing, and also produced various local, state and federal agency-originated letters (or related documents) evidencing approval (or lack of objection to) the proposed construction project. The trial judge concluded that the construction had been authorized by a permit issued by the U. S. Corps of Engineers and that all requirements and pre-requisites were satisfied in the issuance of the permit. He also concluded that no objection to the project was voiced by any of the various political subdivisions affected, or by the Attorney General in behalf of the State of Louisiana or its agencies.
Notwithstanding these important conclusions, we see the primary issue as being whether SOWL met its burden of showing that it had standing to proceed as a proper party plaintiff in the first place. We believe that it did not. Accordingly, for this reason as well as those of the trial court, the judgment is affirmed.
AFFIRMED.
REDMANN, Judge, concurring.
The law of Louisiana was explicit in the Civil Code of 1825 and is explicit in the Code of 1870 in force when this suit was filed in 1977 (and remains so in the 1978 revision of the property articles): any citizen may require the removal of any work on a public thing (place) that obstructs the public use of the public thing such as navigable waters or their banks.[1]
*233 Accordingly it cannot be said that a private citizen has no right of action ("no interest in plaintiff", C.C.P. 927) to enjoin the construction or maintenance of a building on the bed or bank of navigable water.[2] The law expressly grants that right to any "person residing in the state", C.C. 458, to "any individual of full age residing where [the obstructing works] are situated", former C.C. 861 (applicable here).
"No pecuniary interest," as defendant explained its exception of no right of action in this case, is irrelevant: for the assertion of every citizen's right to fully use public things no pecuniary interest is necessary: Giardina v. Marrero Furniture Co., Inc., La. 1975, 310 So.2d 607.
Thus the courts are open to any citizen who is willing to be the plaintiffthat is to say, who is willing to place himself or herself at risk for perhaps several hundred dollars of court costs such as transcripts.
But Save Our Wetlands, Inc. is not an "adult individual residing in the place" as former C.C. 861 requires and therefore it has no right of action. (Furthermore, this fictitious being SOWL does not go fishing or boating and therefore obviously cannot find its use of the public place obstructed.) Presumably SOWL is pushed by some human beingsperhaps adult, perhaps residents of the place: but also perhaps not. It matters not why those individuals reject the unquestionable right the law gives them (If they are adult residents), or why they elect instead to have suit brought by a corporation with picturesque name and cryptic acronym. (May one suppose a case of business competitors, themselves occupying a public place, pretending to be a public-minded nonprofit corporation?)
The law does not grant the right to a non-profit corporation to exercise the citizenship rights (if any) of its anonymous members, while the members protect themselves against all responsibility for their exercise by the legal device of the corporate shield. If any "person residing in the state", C.C. 458, finds his use of the public waterway or its banks or shores obstructed by defendant's building, let that person sue and be responsible if his suit be ill-founded.
REDMANN, Judge, concurring in denying rehearing.
Applicant for rehearing would supplement the record to show that a second supplemental petition had alleged "Neal Foy, a major resident of the Parish of Orleans,... wishes to join in this litigation, averring that his ... rights are being infringed ...." That petition was never answered, however, and therefore issue was not joined and there can be no judgment effective in respect to Foy. To remand to allow Foy to present his demand is more cumbersome than his bringing a new suit, unburdened by an inappropriate corporate plaintiff.
NOTES
[1] The Civil Code of 1825, art. 857, retained verbatim in the revision of 1870, art. 861, provided:

Works which have been formerly built on public places, or in the beds of rivers or navigable streams, or on their banks, and which obstruct or embarrass the use of these places, rivers, streams, or their banks, may be destroyed at the expense of those who claim them, at the instance of the corporation of the place, or of any individual of full age residing in the place where they are situated.
And the owner of these works can not prevent their being destroyed under pretext of any prescription or possession, even immemorial, which he may have had of it, if it be proved that at the time these works were constructed, the soil on which they are built was public, and has not ceased to be so since.
When C.C. 861 was replaced in the property law revision of La.Acts 1978 No. 728, effective January 1, 1979, (ignoring 861's brief retention as R.S. 9:1111) its substance was transferred to now art. 458:
Works built without lawful permit on public things, including the sea, the seashore, and the bottom of natural navigable waters, or on the banks of navigable rivers, that obstruct the public use may be removed at the expense of the persons who built or own them at the instance of the public authorities, or of any person residing in the state.
The owner of the works may not prevent their removal by alleging prescription or possession.
[2] Defendant's only claim to a right to build is a "permit" from the U. S. Corps of Engineers. The Corps, however, has no power under federal (much less state) law to grant one a servitude (or other property right) to build on state-owned property. The Corps may under federal law prevent an owner from building over navigable waterways or over flood-control levees if the building would interfere with a federally-controlled function such as navigation or flood control, and for that reason even the owner of navigable water bottom or banks must obtain a permit from the Corps to build. But the Corps's authority is negative: its refusal of a permit prevents building but its issuance of a permit does not authorize building. Authorization can only come from the owner. (Since their enactment by La.Acts 1978 No. 645, R.S. 41:1701-1714 provide for authorization of encroachments upon state waterbottoms by lease or permit.)